[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 12, 2006
THOMAS K. KAHN
CLERK

No. 05-12324
Non-Argument Calendar

_____

D. C. Docket No. 03-00131-CV-WCO-2

TINSLEY MEDIA, LLC,

Plaintiff-Appellant,

versus

PICKENS COUNTY, GA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 12, 2006)**

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Tinsley Media, LLC, appeals the order of the district court that in part dismissed and in part granted summary judgment against the claims of Tinsley Media, which challenged the sign ordinance of Pickens County, Georgia, enacted in 1999. In March 2006, while this appeal was pending, the County repealed its 1999 Ordinance and enacted a new sign ordinance that largely addressed the complaints of Tinsley Media. After the parties filed their initial briefs, we requested supplemental briefs that addressed the intervening decision of our Court in Tanner Advertising Group, L.L.C. v. Fayette County, 451 F.3d 777 (11th Cir. 2006) (en banc), and CAMP Legal Defense Fund, Inc. v. City of Atlanta, 451 F.3d 1257 (11th Cir. 2006).

Tinsley Media argues that (1) it has standing to challenge the prohibition on billboards, the exceptions to the permitting requirements, and the alleged lack of procedural safeguards of the 1999 Ordinance; (2) its claims are not moot because it preserved its request for damages; and (3) the district court erroneously granted summary judgment against these claims. We conclude that Tinsley Media has standing to challenge the prohibition on billboards, the claim is not rendered moot by the 2006 Ordinance, and the district court erroneously granted summary judgment against the challenges of Tinsley Media to this provision under the U.S. and Georgia Constitutions. We also conclude that Tinsley Media lacks standing to

2

challenge the exceptions to the permitting requirement. We conclude that the

challenge of Tinsley Media to the lack of procedural safeguards under the 1999

Ordinance is rendered moot by the adoption of the 2006 Ordinance. We affirm in

part and reverse and remand in part.

## I. BACKGROUND

Tinsley Media is a Georgia corporation in the business of buying and leasing

space to post billboards that display both commercial and noncommercial

messages. In 1999, Pickens County enacted an ordinance to regulate the posting of

signs. See Pickens County, Ga., Code §§ 4-31 to 4-49 (1999) [hereinafter "1999

Ordinance"]. The 1999 Ordinance prohibited billboards entirely. Id. § 4-32(4).

The 1999 Ordinance defined a billboard as "an advertising sign or a sign which

advertises a commodity, product, service, activity or other person, place or thing,

which is not located, found or sold on the premises upon which the sign is

located[.]" Id. § 4-31.

The 1999 Ordinance required a permit for signs, id. § 4-49, and the

ordinance imposed a variety of size, lighting, and maintenance restrictions on all

signs. See id. §§ 4-33 to 4-46. The 1999 Ordinance exempted certain signs from

the permit requirement and restrictions. Id. § 4-47. Section 4-47 of the 1999

Ordinance exempted for-sale signs, id. § 4-47(1); official notices, id. § 4-47(2);

3

directional signs, id. § 4-47(3); transportation-related safety notices, id. § 4-47(4); historical markers, id. § 4-47(5); signs warning against hunting, fishing, or trespassing, id. § 4-47(6); Red Cross emergency signs, id. § 4-47(7); highway markers, id. § 4-47(8); business name plates, id. § 4-47(9); signs announcing garage and carport sales, id. § 4-47(10); and campaign signs located on private property, id. § 4-47(11).

The 1999 Ordinance directed that permit applications be submitted to the county commissioner and provided a "Sign Application" form. See id. § 4-49. The 1999 Ordinance did not specify the criteria for approval, impose a time limit for review of a permit application, or establish a procedure to appeal the denial of a permit application. See generally id. § 4-31 to 4-49. The 1999 Ordinance did not contain a statement of purpose or findings. See generally id.

In March and June 2003, Tinsley Media submitted to Pickens County eleven applications that requested permits to post billboards. The county denied all eleven applications because billboards were prohibited under the 1999 ordinance. The 1999 ordinance did not provide an appeals process.

Tinsley Media filed this action in federal court. Tinsley Media alleged that the exemptions contained in section 4-47, the prohibition on billboards, and the alleged lack of procedural safeguards violated the First and Fourteenth

4

Amendments of the U.S. Constitution and the Georgia Constitution. The district court determined that Tinsley Media had standing to challenge only the prohibition on billboards because that was the provision under which the County denied the permit applications of Tinsley Media. The district court concluded that the prohibition on billboards did not violate the U.S. Constitution because the prohibition was content-neutral, did not favor commercial speech over non-commercial speech, imposed a reasonable time, place, and manner restriction, and satisfied the test for the regulation of commercial speech under Central Hudson Gas & Electric Corp. v. Public Service Commission, 447 U.S. 557, 100 S. Ct. 2343 (1980). The district court also concluded that the prohibition was permissible under the Georgia Constitution.

Tinsley Media appealed. In March 2006, while this appeal was pending, the County repealed the 1999 Ordinance and adopted a new sign ordinance. See Pickens County, Ga., Code §§ 4-31 to 4-42 (2006) [hereinafter "2006 Ordinance"]. The 2006 Ordinance contains statements of purpose and findings, id. §§ 4-31, 4-32, and establishes a permitting procedure that includes standards for approval, id. § 4-39(b), (e)(7), a 10-day time limit, id. § 4-39(e)(3), and an appeal process, id. § 4-39(l). Also while this appeal was pending, this Court decided two cases that

5

addressed the issues of standing and mootness in the context of First Amendment challenges.  See CAMP, 451 F.3d 1257; Tanner, 451 F.3d 777.

## II.  STANDARD OF REVIEW

This Court reviews de novo the grant of summary judgment.  Nat'l Fire Ins. Co. v. Fortune Constr. Co., 320 F.3d 1260, 1267 (11th Cir. 2003).  "We review standing determinations de novo."  Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir.), cert. denied, ___ U.S. ___, 126 S. Ct. 377 (2005).  "We review the question of mootness de novo."  Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1328 (11th Cir. 2004).

## III.  DISCUSSION

Tinsley Media argues that several provisions of the 1999 Ordinance are unconstitutional under the U.S. and Georgia Constitutions.  These claims fall into three categories.  First, Tinsley Media challenges the constitutionality of the prohibition on billboards.  Second, Tinsley Media argues that the exceptions contained in section 4-47 are unconstitutional.  Third, Tinsley Media argues that the 1999 Ordinance lacks several procedural safeguards.  We address each category in turn, and, for each, begin with the threshold issues of standing and mootness.

6

*A. The Prohibition on Billboards Is Unconstitutional.*

Tinsley Media argues that the prohibition on billboards violates the U.S. and Georgia Constitutions because it is content-based and favors commercial speech over non-commercial speech. First, we consider whether Tinsley Media has standing and find that it does. Second, we determine that the argument of Tinsley Media was not rendered moot by the repeal of the 1999 Ordinance and the enactment of the 2006 Ordinance. Third, we address the merits of the argument of Tinsley Media.

1. Tinsley Media Has Standing.

"Standing 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" CAMP, 451 F.3d at 1257 (quoting Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205 (1975)). Standing has three requirements: "(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision." Granite State Outdoor Adver., Inc. v. City of Clearwater, 351 F.3d 1112, 1116 (11th Cir. 2003).

Tinsley Media has satisfied the three standing requirements. See id., 351 F.3d at 1116. Tinsley Media has shown "injury in fact" because it was denied a

permit to erect the billboards. This injury is causally related to the alleged constitutional violation because the permit application was denied under the provision that prohibits billboards. A favorable decision—invalidation of the provision—would mean Tinsley Media should have received approval of its application and may be entitled to damages. We conclude that Tinsley Media has standing to challenge the prohibition on billboards.

2. The Issue Is Not Moot.

"Article III of the Constitution requires that there be a live case or controversy at the time that a federal court decides the case." Burke v. Barnes, 479 U.S. 361, 363, 107 S. Ct. 734, 736 (1987). "The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." U.S. Parole Comm'n v. Geraghty, 445 U.S. 388, 397, 100 S. Ct. 1202, 1209 (1980) (internal quotations omitted). "Ordinarily, 'a challenge to the constitutionality of a statute is mooted by repeal of the statute.'" Tanner, 451 F.3d at 785 (quoting Coral Springs, 371 F.3d at 1329).

Although the 2006 Ordinance does not prohibit billboards, the repeal of the 1999 Ordinance and the enactment of the 2006 Ordinance does not render the challenge of Tinsley Media to the prohibition on billboards moot. "[W]hen a plaintiff requests damages, as opposed to only declaratory or injunctive relief,

8

changes to or repeal of the challenged ordinance may not necessarily moot the plaintiff's constitutional challenge to that ordinance." Crown Media, LLC v. Gwinnett County, 380 F.3d 1317, 1325 (11th Cir. 2004). Tinsley Media preserved an argument that it is entitled to damages because it challenged the provision of the 1999 Ordinance under which its permit application was denied at all stages in the litigation. Cf. Tanner, 451 F.3d at 785-86 (finding that the issue was moot because Tanner failed to preserve an argument that would have entitled it to damages). We conclude that the challenge of Tinsley Media to the prohibition on billboards is not moot.

### 3. The Prohibition on Billboards Is Unconstitutional Because It Was Not Enacted to Implement a Substantial Governmental Purpose.

Because we conclude that Tinsley Media has standing to challenge the prohibition on billboards and the issue is not moot, this Court has jurisdiction to address the merits of the argument. See Geraghty, 445 U.S. at 397, 100 S. Ct. at 1209. Tinsley Media argues that the challenged provision violates the U.S. Constitution because the 1999 Ordinance was not enacted to advance a substantial governmental interest. Tinsley Media argues that the 1999 Ordinance likewise violates the Georgia Constitution.

9

Regulations that restrict the expression of protected commercial speech are analyzed under a four-part analysis. See Cent. Hudson, 447 U.S. at 566, 100 S. Ct. at 2351. The first step states that commercial speech is protected "only if that speech concerns lawful activity and is not misleading." Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 507, 101 S. Ct. 2882, 2892 (1981). "A restriction on otherwise protected commercial speech is valid only if it (2) seeks to implement a substantial governmental interest, (3) directly advances that interest, and (4) reaches no further than necessary to accomplish the given objective." Id. "[T]he party seeking to uphold a restriction on commercial speech carries the burden of justifying it." Thompson v. W. States Med. Ctr., 535 U.S. 357, 373, 122 S. Ct. 1497, 1507 (2002) (internal quotation omitted).

Tinsley Media argues that the County failed to establish that the ordinance was enacted "to implement a substantial governmental interest." Metromedia, 453 U.S. at 507, 101 S. Ct. at 2892. The County acknowledges that the 1999 Ordinance contains no stated purpose or findings to support the restrictions, but argues that the affidavit of the county commissioner —one submitted during litigation, five years after the enactment of the ordinance—is sufficient to establish the purpose of the ordinance. The affidavit states, "As Commissioner, I adopted a sign ordinance for the County in 1999 in order to promote uniformity, preserve

10

aesthetic qualities in the County and foster the safety of motorists and pedestrians in the County." Tinsley Media argues that the affidavit is inadmissible and, in the alternative, insufficient to overcome the failure of the ordinance to state its purpose.

First, we address the admissibility of the affidavit. The County cites no case in which this Court has upheld the admission of an affidavit of a legislator as evidence of legislative intent. Our own review of the case law reveals that the vast majority of courts reject the use of post hoc testimony as a means of determining legislative intent. See, e.g., Covalt v. Carey Canada Inc., 860 F.2d 1434, 1438-39 (7th Cir. 1988) ("Legislative history generated in the course of litigation . . . may be designed to mislead, to put an advocate's slant on things."). The U.S. Supreme Court has likewise rejected the practice: "post hoc observations by a single member of Congress carry little if any weight." Bread Political Action Comm. v. Fed. Election Comm'n, 455 U.S. 577, 582 n.3, 102 S. Ct. 1235, 1239 (1982) (quoting Quern v. Mandley, 436 U.S. 725, 736 n.10, 98 S. Ct. 2068, 2075 (1978)).

Second, even if the affidavit were admissible, it is insufficient under our precedents to satisfy the burden of the County to prove a substantial governmental interest. See Dills v. City of Marietta, 674 F.2d 1377, 1381 (11th Cir. 1982). In Dills, the city stated its purpose in regulating the use of portable signs was "to

11

safeguard life, public health, property and welfare." Id. We held, "When all-inclusive statements of purpose are used we are forced to look in the record for evidence of the interest underlying a measure." Id. The Dills Court expressed concern for "after the fact rationalizations for regulations thereby allowing circumvention of the mandate that such measures be defended only on the basis of considerations actually contributing to their enactment." Id.

The 1999 Ordinance contains no "all-inclusive statement[] of purpose," and we decline to extend the inquiry into the record permitted under Dills to ordinances that contain no statement of purpose at all. Without a statement of purpose in the ordinance, the statute cannot satisfy the "substantial governmental interest" requirement of Central Hudson. Metromedia, 453 U.S. at 507, 101 S. Ct. at 2892; see also Desert Outdoor Adver., Inc. v. City of Moreno Valley, 103 F.3d 814, 819 (9th Cir. 1996). The district court erroneously granted summary judgment in favor of the County on this claim.

The district court also erred when it granted summary judgment against the challenge of Tinsley Media to the prohibition of billboards under the Georgia Constitution. The Georgia Supreme Court has held, "Our state constitution provides even broader protection of speech than the first amendment." Statesboro Publ'g Co. v. City of Sylvania, 516 S.E.2d 296, 299 (Ga. 1999). Because the

12

County failed to prove a substantial governmental interest, the 1999 Ordinance also violates the Georgia Constitution.

### B.  Tinsley Media Lacks Standing to Challenge the Section 4-47 Exceptions.

The County argues that the challenge of Tinsley Media to the section 4-47 exemptions was rendered moot when the 1999 Ordinance was repealed and the 2006 Ordinance was enacted.  Although the 1999 Ordinance was repealed in its entirety, a comparison with the 2006 Ordinance reveals that at least some exceptions to the permitting process were re-enacted.  E.g., compare 1999 Ordinance § 4-47(2) (exempting official notices) with 2006 Ordinance § 4-37(b) (granting a "general permit" to official notices).  To avoid a provision-by-provision analysis for mootness, we exercise our discretion to review the issue of standing first.  See Arizonans for Official English v. Arizona, 520 U.S. 43, 66-67, 117 S. Ct. 1055, 1068 (1997).

Tinsley Media argues that it has standing to challenge the permitting exceptions of section 4-47 under CAMP, but we disagree.  In CAMP, the festival ordinance of the City of Atlanta granted an exemption from permitting for "city-sponsored events," 451 F.3d at 1275, and CAMP challenged that provision as granting to city officials unbridled discretion.  The provision did not "provide guidance about which events will be awarded city approval and exemption from

13

the licensing scheme." Id. CAMP argued that the exemption was unconstitutional because it would allow "post hoc rationalizations by the licensing official and the use of shifting or illegitimate criteria." Id. (quoting City of Lakewood v. Plain Dealer Publ'g Co., 486 U.S. 750, 758, 108 S. Ct. 2138, 2144 (1988). We concluded that CAMP had standing to challenge this provision because "CAMP must either comply with the permitting scheme or face prosecution, while government-sponsored festival promoters need not comply at all." Id. After the exemption on government-sponsored events was declared unconstitutional, CAMP was no longer subject to a process that granted city officials unbridled discretion.

In contrast with CAMP, Tinsley Media does not argue that the exemptions in the 1999 Ordinance granted unbridled discretion to county officials; instead, Tinsley Media argues that the exemptions were content-based prior restraints on speech. The injury, in this circumstance, is the prohibition of the intended form of expression of Tinsley Media, i.e., the erection of advertising billboards. Tinsley Media fails to satisfy the "redressability" requirement of standing because, even if we declared unconstitutional one or more of the exemptions, the striking of those exemptions would not in any way benefit the proposed forms of expression of Tinsley Media. See Granite State, 351 F.3d at 1116. The permitting requirements for billboards would remain.

14

### C.  The Challenge of Tinsley Media to the Lack of
### Procedural Safeguards Is Moot.

Tinsley Media argues that the lack of procedural safeguards in the 1999

Ordinance is unconstitutional.  Tinsley Media argues that the 1999 Ordinance vests

unbridled discretion in the county commissioner because it fails to specify the

criteria for approval, to impose a time limit for review of a permit application, or to

establish a procedure to appeal the denial of a permit application.  See generally id.

§ 4-31–4-49.  In its supplemental brief, the County argued these challenges became

moot upon the enactment of the 2006 Ordinance.  Tinsley Media did not address

this argument in its reply brief.

We agree with the County.  The procedural safeguard challenges of Tinsley

Media are moot.  The 2006 Ordinance remedies each of the violations that Tinsley

Media alleged.  See 2006 Ordinance §§ 4-39(b), (e)(7) (standards for approval), 4-

39(e)(3) (10-day time limit), 4-39(e)(*l*) (procedure for appeal).  Unlike the

challenge of Tinsley Media to the provision under which it was denied, these facial

challenges "correspond to its requests for injunctive relief" and are not preserved

under the request of Tinsley Media for damages.  Tanner, 451 F.3d at 787.

### IV.  CONCLUSION

We affirm the dismissal of the challenges of Tinsley Media to the exceptions

contained in section 4-47 and the lack of procedural safeguards in the 1999

15

Ordinance.  We reverse the summary judgment entered against the challenge of Tinsley Media to the prohibition on billboards under the U.S. and Georgia Constitutions.

**AFFIRMED in part, REVERSED and REMANDED in part.**