[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 04-16224
Non-Argument Calendar

_____

D. C. Docket No. 02-01998-CV-P-S

ADVANTAGE ADVERTISING, LLC,

Plaintiff-Appellant,

versus

HOOVER, ALABAMA, CITY OF,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 11, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

This appeal by Advantage Advertising, LLC, of a summary judgment

regarding a sign ordinance of Hoover, Alabama, presents issues of standing and whether the ordinance violates the right of speech guaranteed by the First Amendment of the United States Constitution. See Hoover, Ala., Municipal Code, App. 1, Art. X §§ 1.0–10.0 [hereinafter "Sign Ordinance"]. The district court concluded that Advantage, which intended to erect off-premise billboards, had standing to challenge only the provision that banned off-premise billboards, and that provision did not violate the First Amendment. See Sign Ordinance § 7.0(D). We affirm.

## I. BACKGROUND

An ordinance of the City of Hoover, Alabama, regulates signs. Sign Ordinance §§ 1.0–10.0. The ordinance requires individuals who intend to construct a sign to apply for and obtain a permit. Id. §§ 1.1, 1.2. An official who denies an application must provide a written statement of the reason of denial and applicants may appeal a denial. Id. §§ 1.3, 1.4. The ordinance does not establish time limits for either process. Id. "Off-premise billboards and signs which direct attention to a business commodity, service, entertainment or attraction sold, offered, or existing elsewhere than upon the same property upon which such sign is displayed" are prohibited. Id. § 7.0(D). Exemptions and exceptions exist for various types of signs. Id. §§ 8.2, 8.3.

2

The appendix, in which the sign regulations are located, contains two statements of purpose, which are titled "Purpose" and "Interpretation and Purpose." The provision titled "Purpose" provides, "The fundamental purpose of this ordinance is to promote the public health, safety, morals and general welfare; . . . [and] to avoid congestion on the public roads and streets." Hoover, Ala., Municipal Code, App. I, Art. II, § 1.0. The provision titled "Interpretation and Purpose" provides, "In their interpretation and application the provisions of this ordinance shall be considered minimum requirements adopted for the promotion of the public health, safety, morals, convenience, order, prosperity, and general welfare of the community." Id., App. I, Art. XI, § 1.0.

ADvantage is a business that buys or leases land to erect commercial and noncommercial signs. In June and July, 2002, ADvantage submitted fifteen applications for sign permits. Hoover denied each application under section 7.0(D) of the ordinance, which prohibits off-premise signs. Sign Ordinance § 7.0(D).

ADvantage filed a complaint that alleged the ordinance violated the First Amendment of the United States Constitution both facially and as applied to ADvantage. See U.S. Const. Amend. I. ADvantage asserted that several provisions of the ordinance granted unbridled discretion to government officials, were unconstitutional prior restraints of speech, burdened fundamental methods of

communication, favored commercial speech over noncommercial speech, regulated noncommercial speech based on content, failed to state a substantial government purpose, restricted too much speech, drew impermissible distinctions between types of commercial speech, and violated principles of equal protection by favoring certain speakers over others. ADvantage requested damages and preliminary and permanent injunctions against enforcement of the ordinance.

Both ADvantage and Hoover filed motions for summary judgment. Hoover submitted evidence in support of its motion that included the deposition testimony of Dennis Dupont, a co-owner of ADvantage. DuPont testified that the "business purpose" of ADvantage included leasing outdoor advertising signs "for political messages." In response to a follow-up question about whether ADvantage engaged in political advertising, Dupont stated, "We could, yes. We have." Dupont also stated in a declaration submitted by ADvantage in support of its motion for summary judgment, "In the past, the members of [ADvantage] have used the company's signs to communicate political and ideological messages . . . ."

In deciding whether to grant summary judgment, the district court first concluded that ADvantage had standing "to challenge only the constitutionality of § 7.0(D) of the [ordinance] because it was the only provision of the ordinance under which [ADvantage's] permits were denied." "While [ADvantage] seeks to

4

assert a facial challenge to the entire [ordinance]," the district court reasoned, "the only actual injury it claims to have suffered is the denial of its requests for permits to erect billboards based on § 7.0(D) of the [ordinance]." The district court concluded that ADvantage did not have standing to challenge facially provisions of the ordinance related to "the City's permitting and appeals process," see Sign Ordinance § 1.0, the lack of time limitations, see id., and exemptions for various noncommercial speech, see, e.g., id. § 8.2(A).

The district court next addressed whether section 7.0(D) of the Sign Ordinance violated the First Amendment. The district court considered three questions: whether the prohibition of off-premise signs in section 7.0(D) is an unconstitutional prior restraint of speech; whether section 7.0(D) grants unbridled discretion to city officials; and whether the lack of time limits to render a decision under section 7.0(D) creates unbridled discretion. The district court rejected each argument of ADvantage and entered summary judgment in favor of Hoover.

## II. STANDARD OF REVIEW.

We review de novo a denial of summary judgment. CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1268 (11th Cir. 2006). We review de novo determinations of standing. Id.

5

# III. DISCUSSION

This appeal presents two issues. The first issue is whether the district court erroneously concluded that section 7.0(D) does not violate the freedom of speech guaranteed by the First Amendment. The second issue is whether the district court erred when it concluded that ADvantage had standing to challenge only the prohibition of off-premise signs in section 7.0(D). We discuss each issue in turn.

### A. ADvantage's Challenges to Section 7.0(D) Fail.

ADvantage challenges the conclusion of the district court that Section 7.0(D) is a constitutional restriction of speech on three grounds. ADvantage argues that the district court erroneously concluded that section 7.0(D) is a constitutional prior restraint of speech, section 7.0(D) does not grant unbridled discretion, and the lack of time limits does not create unbridled discretion in the context of section 7.0(D). We discuss each issue in turn.

The district court concluded that section 7.0(D) is a constitutional prior restraint of speech. We agree. To be constitutional, a prior restraint of speech must satisfy three requirements: the restriction "must be (1) content-neutral, (2) narrowly tailored to serve a significant government interest, and (3) leave open ample alternative channels for communication of the information." CAMP, 451 F.3d at 1280.

Section 7.0(D) satisfies each of these three requirements. First, section 7.0(D) is content-neutral because "[i]t regulates signs not based on the viewpoint of the speaker, but based on the location of the signs." Messer v. City of Douglasville, 975 F.2d 1505, 1509 (11th Cir. 1992). Second, regulations concerning the size, location, and manner of signs directly advance the "substantial governmental goals" of Hoover in public safety, including traffic safety. Id. at 1510; see Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 511, 101 S. Ct. 2882, 2894 (1981) (concluding that a direct relation of a prohibition of off-site advertising to traffic safety "is not altered by the fact that the ordinance is underinclusive because it permits onsite advertising"). ADvantage contends that a purpose to advance traffic safety cannot be discerned in section 7.0(D), but the appendix to the Municipal Code includes two such statements of purpose that govern the interpretation of the Sign Ordinance. See Hoover, Ala., Municipal Code, App. I, Art. II, § 1.0; id. Art. XI, § 1.0. The "obvious aim" of several provisions supports the argument of Hoover that concern for traffic safety motivated its restrictions on signs. Dills v. City of Marietta, 674 F.2d 1377, 1381 (1982); see Sign Ordinance § 2.0(A) (sign "shall be located so as not to cause a safety hazard"); id. § 6.0(A) (sign shall not "interfere with any public right-of-way"); id. § 6.0(B) ("No sign shall be located as to cause a public hazard, obstruct

7

or impair motorists' vision, diminish safe ingress and egress to any property . . . ."). Third, section 7.0(D) is not overly restrictive because it leaves open ample alternative channels of communication in the form of on-premise speech. The district court correctly concluded that section 7.0(D) withstands scrutiny as a prior restraint of speech.

We also agree with both the conclusions of the district court that section 7.0(D) and the lack of time limits for rendering decisions under section 7.0(D) do not grant unbridled discretion to officials of Hoover. First, section 7.0(D) does not grant unbridled discretion to Hoover officials because their discretion is limited to the objective determination of whether a sign is off-premise or on-premise. Second, the lack of time limits to grant or deny a permit under section 7.0(D) does not render section 7.0(D) constitutionally infirm because we have held "that the lack of time limits is constitutionally acceptable," Granite State Outdoor Adver., Inc. v. City of St. Petersburg, 348 F.3d 1278, 1283 (11th Cir. 2003), in the context of "a content-neutral permitting scheme," id. at 1282. We agree with the district court that both these arguments fail.

*B. ADvantage Lacks Standing to Challenge Provisions Other than Section 7.0(D).*

ADvantage argues that the district court erroneously concluded that it lacked standing to challenge any provision other than section 7.0(D). "A plaintiff who

8

invokes the jurisdiction of a federal court bears the burden to show '(1) an injury in fact, meaning an injury that is concrete and particularized, and actual or imminent, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision.'" CAMP, 451 F.3d at 1269 (quoting Granite State Outdoor Adver., Inc. v. City of Clearwater, 351 F.3d 1112, 1116 (11th Cir. 2003)). "What a plaintiff must prove to establish standing depends on the nature of the challenge to his or her standing." Id. at 1274 (internal quotations omitted). ADvantage contends that it has standing to challenge several provisions that allegedly grant unbridled discretion to city officials and two provisions that are unconstitutional prior restraints of speech. We address each issue in turn.

### 1. ADvantage Lacks Standing to Challenge the Lack of Several Procedural Safeguards that Allegedly Grant Unbridled Discretion to City Officials.

ADvantage lacks standing to challenge the lack of several procedural safeguards that allegedly granted unbridled discretion to city officials. See Sign Ordinance §§ 1.0, 1.3, 1.4. "[W]hen a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subject to the law may challenge it facially without the necessity of first applying for, and being denied, a license." City of Lakewood v.

9

Plain Dealer Publ'g Co., 486 U.S. 750, 755–56, 108 S. Ct. 2138, 2143 (1988). "If it is one who is subject to, or imminently will be subject to, the provisions that allegedly grant unbridled discretion, then [ADvantage] has standing to challenge these provisions." CAMP, 451 F.3d at 1274 (internal quotation omitted).

Although ADvantage challenged the lack of several procedural safeguards that allegedly grant unbridled discretion to city officials, see Sign Ordinance § 1.0 (no right to erect a sign if the permit application is not granted or denied within an established time limit); id. (no right of judicial review of denials of permit applications); id. §§ 1.3, 1.4 (no time limits to grant or deny permits and to hear an appeal), ADvantage was not subject to those provisions because off-premise signs are never permitted under the ordinance. See id. § 7.0(D). ADvantage did not allege in its complaint or present evidence that it intended to construct signs that might be permitted under the statute, which would subject ADvantage to the lack of procedural safeguards. ADvantage lacks standing to challenge the lack of procedural safeguards.

### 2. ADvantage Has Standing to Challenge the Permit Requirement as an Unconstitutional Prior Restraint of Speech.

ADvantage also argues that the Sign Ordinance imposes unconstitutional prior restraints on speech because it requires a permit to erect signs, id. § 1.1, and restricts political speech, id. § 8.2(B). "In a challenge of a prior restraint on speech

10

the plaintiff must establish that the challenged provision pertains to its activity, and not merely that it is 'subject to the law.'" CAMP, 451 F.3d at 1276 (quoting Lakewood, 486 U.S. at 755–56, 108 S. Ct. at 2143). This standard is more rigorous than the standard applied in challenges of alleged grants of unbridled discretion. CAMP, 451 F.3d at 1276.

ADvantage lacks standing to challenge the requirement for a permit. See Sign Ordinance § 1.1. The permit requirement does not pertain to the billboards that ADvantage proposed to construct. Those billboards are completely prohibited. See Sign Ordinance § 7.0(D). ADvantage fails to establish that the permit requirement, which subjects other signs to certain restrictions, pertains to its proposed signs, which are completely banned.

ADvantage also fails to establish that it intended to engage in political advertising. Although Dupont testified that ADvantage had the capacity to and previously had engaged in political advertising, ADvantage fails to explain how the regulation of political campaign signs under section 8.2(D) pertains to its activity of billboard advertising, which is categorically prohibited by the Sign Ordinance without regard to content. ADvantage lacks standing to challenge sections 1.1 and 8.2(B).

## IV. CONCLUSION

We affirm the summary judgment that section 7.0(D) does not violate the First Amendment and ADvantage lacked standing to challenge any provision other than section 7.0(D).

**AFFIRMED.**