[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12531
Non-Argument Calendar
_____

D. C. Docket No. 03-61404-CV-PAS

GRANITE STATE OUTDOOR ADVERTISING, INC.,

Plaintiff-Appellant,

versus

CITY OF FORT LAUDERDALE, FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 6, 2006)**

Before TJOFLAT, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Granite State Outdoor Advertising, Inc., appeals the dismissal of its

complaint that alleged the sign ordinance of the City of Fort Lauderdale violates

the First Amendment of the United States Constitution. Ft. Lauderdale, Fla., Sign

Requirements §§ 47-22.1 to 47.22-11 [hereinafter "Sign Ordinance]. The district

court dismissed the complaint for lack of standing to challenge any provisions of

the sign ordinance except one. See id. § 47-22.11(E). That provision, section 47-

22.11(E), banned all outdoor advertising billboards, and the district court dismissed

the complaint for failure to allege any facts to establish that section 47-22.11(E)

was unconstitutional. We affirm.

## I. BACKGROUND

On June 30, 2003, Granite State submitted nine sign permit applications to

the City of Fort Lauderdale. The plans examiner of the City denied the

applications the same day because the City does not permit "outdoor advertising

display signs and billboards" under its sign ordinance. See id. § 47-22.11(E). The

sign ordinance defines "outdoor advertising display" as

> [a]n off-premises detached outdoor advertising sign consisting of
> fabricated sign and structure, with posters, pictures, trademark,
> reading matter, illuminated device, panels, etc., thereon intended to
> attract the attention of the public to the matter displayed thereon for
> advertising purposes; such outdoor advertising display sign being
> commonly referred to as a billboard, poster board, display board, or
> outdoor advertising board.

Id. § 47-22.11(A). The sign ordinance prohibits any "[o]utdoor advertising display

2

signs and billboards" within the city limits.  Id. § 47-22.11(E)(1).

On July 24, 2003, Granite State filed a thirteen-count complaint to challenge the constitutionality of the sign ordinance, both facially and as applied.  The district court ruled that Granite State lacked standing to challenge any provision of the sign ordinance except the provision upon which Granite State was denied a permit, section 47-22.11(E).  The district court then ruled that section 47-22.11(E) was not unconstitutional and dismissed the complaint.

To support its argument that it had standing to challenge the entire sign ordinance, Granite State relied heavily on Tanner Adver. Group, L.L.C. v. Fayette County, 411 F.3d 1272, vacated 429 F.3d 1012 (11th Cir. 2005).  We vacated the panel decision in Tanner and issued a new opinion en banc.  Tanner Adver. Group, L.L.C. v. Fayette County, 451 F.3d 777 (11th Cir. 2006) (en banc).  We then ordered the parties to submit supplemental briefs regarding the standing issue in the light of our recent decisions in Tanner and CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257 (11th Cir. 2006).

In its supplemental brief, Granite State challenges several provisions of the ordinance as either grants of unbridled discretion to city officials or unconstitutional prior restraints of speech.  Granite State alleges the ordinance grants city officials unbridled discretion because it lacks procedural safeguards to

3

limit the amount of time the City may take to grant or deny a sign permit and to provide a mechanism for judicial review of a denied sign permit application. Granite State also alleges that numerous provisions grant unbridled discretion to City officials to permit the posting of banners at its discretion and determine which flags are approved by the ordinance, Sign Ordinance § 47-22.3(C); decide which events it will sponsor or co-sponsor, id. § 47-22.3(C)(1)-(2); determine whether a flag is the authentic flag of a nation, state, or city, id. § 47-22.3(C)(5); determine which events are patriotic, memorial, or celebratory in nature, id. § 47-22.3(C)(6); decide what companies are public service companies and which of their signs aid service or safety, id. § 47-22.7(A)(3); determine which signs are primarily decorative and associated with national, local, or religious holidays, id. § 47-22.7(A)(4); determine which institutions are medical, public, charitable, or religious, id. § 47-22.7(A)(8); determine which signs are public signs and what messages constitute public notice, id. § 47-22.7(A)(12) & (13); determine which organizations are recognized religious orders or historical agencies, id. § 47-22.7(A)(14); determine which signs are exempt from regulation because they convey a warning, id. § 47-22.7(A)(16); allow the City to remove non-complying signs, id. § 47-22.6(H); waive landscaping designs for outdoor signs or approve any landscaping plans for outdoor signs, id. § 47-22.11(D); determine which signs

4

are architecturally compatible with the principle structure, id. § 47-22.3(J)(11); determine which graphics and words are prohibited on message centers because they are similar to signage used for traffic direction and control, id. § 47-22.3(J)(12); subject "supergraphics signs" to additional review and approval procedures that do not contain time limits or objective standards, id. § 47-22.3(T); determine which signs are appropriate in relation to other signs and structures on the premises and surrounding areas and which signs are consistent with the intent and purpose of the Sign Ordinance, id. § 47-22.3(T)(1); determine what sign content can be comprehended by the viewer and what constitutes visual clutter, id. § 47-22.3(T)(2); determine whether the size, style, and location of the signs are appropriate to the message and whether the signs complement the building and adjacent buildings, id. § 47-22.3(T)(3) & (4); review all signs proposed for the H-1 district of the city, id. § 47-22.4(C)(11); and allow government entities to post public service messages unrelated to the premises on message center signs with messages that the City determines are of a public service nature or related to cultural or educational activities, id. § 47-22.3(J)(13). Finally, Granite State alleges that it has standing to challenge several provisions of the ordinance that are prior restraints: the exemptions for flags, government signs, holiday decorations, public signs, and government pennants, id. § 47-22.7(A); and restrictions on the

5

duration, size, and content of political signs, id. § 47-22.5.

## II. STANDARD OF REVIEW

"We review standing determinations de novo." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005). "We review a district court's grant of a motion to dismiss de novo, takings as true the facts as they are alleged in the complaint." Owens v. Samkle Automotive Inc., 425 F.3d 1318, 1320 (11th Cir. 2005).

## III. DISCUSSION

The complexion of this appeal has been altered dramatically by the order that vacated the panel decision in Tanner. 429 F.3d 1012. Before that order was entered, Granite State framed its appeal based on the erroneous notion that the denial of its applications for sign permits enabled it to challenge, under the overbreadth doctrine, any provision of the Sign Ordinance as a violation of the First Amendment. As the district court concluded, this argument is foreclosed by our decision in Granite State Outdoor Advertising v. City of Clearwater, 351 F.3d 1112, 1119 (11th Cir. 2003), as we recently explained in CAMP, 451 F.3d at 1270–73. As a result of the final decisions in Tanner and CAMP, the arguments of Granite State now collapse.

Granite State argues that it has standing to challenge two kinds of provisions

6

of the Sign Ordinance.  Granite State argues that it has standing to challenge all provisions of the Sign Ordinance that grant the City unbridled discretion.  Granite State also argues that it has standing to challenge sections 47-22.5 and 47-22.7(A) as unconstitutional prior restraints on speech.  The problem for Granite State is that it did not allege in its complaint that it intended to engage in any form of expression governed by these provisions of the Sign Ordinance.  Granite State does not appeal the conclusion of the district court that section 47.22-11(E), which bans outdoor advertising, is constitutional, and Granite State does not challenge the conclusion of the district court thtat all of its permits involved only outdoor advertising.  We address each argument of Granite State in turn.

*A. Granite State Does Not Have Standing to Challenge the Provisions of the Sign Ordinance That Allegedly Grant the City Unbridled Discretion.*

The Supreme Court has long held that "when a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subject to the law may challenge it facially without the necessity of first applying for, and being denied, a license."  CAMP, 451 F.3d at 1274 (quoting City of Lakewood v. Plain Dealer Publ'g Co., 486 U.S. 750, 755-56, 108 S. Ct. 2138, 2143 (1988)).  The problem for Granite State is that it is not subject to the permitting requirements of the sign ordinance.  Sign Ordinance § 47-

7

22.9. Granite State is ineligible for a permit to construct its proposed signs because the sign ordinance bans categorically all outdoor advertising displays. The district court upheld that ban, and Granite State does not challenge that decision on appeal. City officials have no discretion to permit or deny the billboard applications submitted by Granite State.

Granite State also does not have standing to challenge the other provisions of the sign ordinance that it alleges grant unbridled discretion, see Sign Ordinance §§ 47-22.3(C)(1), (2), (5), (6), -22.7(A)(3), (4), (8), (12), (13), (14), (16), -22.6(H), -22.11(D), -22.3(J)(11), (12), (13), -22.3(T)(1), (2), (3), (4), -22.4(C)(11), -22.7(A), -22.5, because Granite State has not established that its outdoor advertising displays are governed by these provisions. Granite State is not subject to these provisions because outdoor advertising displays are categorically prohibited. The district court did not err when it denied Granite State standing to challenge these provisions.

### B. Granite State Does Not Have Standing to Challenge Alleged Prior Restraints That Do Not Affect Granite State.

Granite State cannot establish standing for either of the two prior restraints it challenges on appeal. To establish standing to challenge prior restraints, a party must establish "that either (1) [it was] threatened with prosecution; (2) prosecution is likely; or (3) there is a credible threat of prosecution." Id. at 2651 (quoting Doe

8

v. Pryor, 344 F.3d 1282, 1287 (11th Cir. 2003)). "In a challenge of a prior restraint on speech the plaintiff must establish that the challenged provision pertains to its activity, and not merely that it is 'subject to the law.'" Id. (quoting City of Lakewood, 486 U.S. at 755-56, 108 S. Ct. at 2143). To survive a motion to dismiss, Granite State has the burden to allege constitutional "injury resulting from the defendant's conduct." Id. at 2645 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992)). Granite State does not allege facts that establish standing to challenge either of the allegedly unconstitutional prior restraints.

Granite State challenges the provision that regulates political campaign signs, Sign Ordinance § 47-22.5, on the ground that "there is a definite danger the City could apply its deficient political sign restrictions to Granite . . . ." Granite State fails to explain how the regulation of political campaign signs under section 47-22.5 pertains to its activity of outdoor advertising, which is categorically prohibited by the Sign Ordinance, without regard to content. Granite State has not alleged any facts to establish that it would be subject to prosecution under this provision and does not have standing to challenge the restrictions on political signs. See CAMP, 451 F.3d at 1276 (denying standing to challenge commercial fees on the ground that party was not a commercial entity).

9

Granite State also lacks standing to challenge the provision of the sign ordinance that exempts flags, government signs, holiday decorations, public signs, and government pennants from the restrictions of the ordinance. Sign Ordinance § 47-22.7(A). The injury that Granite State suffered from being denied a permit under the categorical ban on billboards would not be redressed by a challenge to this provision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136 (1992). Granite State was injured because it was not permitted to erect billboards. Sign Ordinance § 47-22.11(E). If the exemptions that it challenges were struck from the statute as unconstitutional, Granite State still would not be able to erect a billboard. "[T]here would be no point in evaluating [Granite State's] arguments as to those provisions." Coral Springs Street Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1349 (11th Cir. 2004). Granite State does not have standing because it cannot establish that its injury will be redressed by a favorable decision.

## IV. CONCLUSION

The dismissal of the complaint is

**AFFIRMED.**