[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11100
Non-Argument Calendar

_____

D. C. Docket No. 01-01376-CV-WBH-1

GRANITE STATE OUTDOOR ADVERTISING, INC.,

Plaintiff-Appellant,

versus

COBB COUNTY, GA, a political
subdivision of the State of
Georgia,
BILL BYRNE, an individual and
in his capacity as Chairman
of the County Commission,
ROB HOSACK, as an individual
and in his capacity as
Director of Community Development,
SHERLINE ADAMS, as an individual and
in her capacity as Code Enforcement
Officer,
MARGIE VAZQUEZ, as an individual and
in her capacity as Code Enforcement
Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

**(August 17, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Granite State Outdoor Advertising, Inc., appeals the summary judgment against its complaint that the Cobb County Sign Ordinance violates the free speech guarantees of both the First Amendment of the United States Constitution and the the Georgia Constitution.  See Cobb County, Ga., Official Code of County of Cobb, Art. VI §§ 134-311 to -375 [hereinafter Sign Ordinance].  Granite State applied for permits to erect several off-premises outdoor advertising signs, which are categorically banned under the Sign Ordinance.  See id. §§ 134-311, -313(p)(17).  Granite State argues that the district court erred when it (1) concluded that the ban of off-premises outdoor advertising signs does not violate the First Amendment; (2) concluded that Granite State lacked standing to challenge several other provisions of the Sign Ordinance that do not pertain to off-premises outdoor advertising signs; and (3) failed to consider whether the Sign Ordinance violated the Georgia Constitution.  We affirm the summary judgment regarding the first two

2

conclusions, but we vacate and remand in part because the district court failed to provide a rationale for its dismissal of the claims under state law.

## I. BACKGROUND

The Sign Ordinance regulates the permitting, location, number, methods of construction, size, height, and maintenance of signs within Cobb County. Sign Ordinance §§ 134-311 to -375. Cobb County enacted the Sign Ordinance to "protect[] the health, safety and welfare of residents, visitors and businesses in the county" because signs could creat[e] traffic hazards" and "negatively impact[] the general appearance of an area." Id. § 134-312. The Sign Ordinance states that it "shall not regulate the specific content of signs. Any sign, display or device allowed under this article may contain commercial or noncommercial copy, except that such copy shall not contain" materials that are obscene or advertise illegal activity. Id. § 134-313(q).

All signs in Cobb County "require a permit unless specifically exempted by" the Sign Ordinance. Id. §§ 134-313(b), -371. To receive a sign permit, an applicant must submit an application, id. § 134-373(c), and pay a permit fee "as established by the board of commissioners from time to time," id. § 134-375. The Sign Ordinance provides that "the county . . . shall examine and process the application within a reasonable amount of time. Though a longer period of time

3

may be reasonable . . . , five business days shall be considered a reasonable amount of time in most cases." Id. § 134-373(d). If the County denies the permit, "the applicant shall be given written notice stating the reason for the denial within 15 days" and the applicant may appeal the decision. Id. § 134-373(e).

The County considers the type of sign the applicant proposes to construct to determine whether to issue a permit. "On-premise signs," which are defined as a "sign which identifies" something "sold, offered or conducted on the premises where the sign is located," must comply with the restrictions in section 134-314. Id. § 134-314. "Off-premises signs," which is a "sign with a noncommercial message," id. § 134-311, also require a permit and must comply with section 134-315. Id. § 134-315. "Temporary signs" are restricted based on location, size, and length of time. Id. § 134-316. "Electronic signs may only be used to advertise activities actually conducted on the property . . . or to present public service information." Id. § 134-313(o). "Any activity or business which offers as its primary business purpose tourism or public recreational activity" may apply for a "directional sign" with the County Board of Commissioners. Id. § 134-317.

Some signs do not require a permit. E.g., id. § 134-373(b)(1)–(21). "Noncommercial signs" that are "32 square feet or less" are allowed without a permit. Id. § 134-372(b)(6). The County exempts signs "traditionally associated

4

with a holiday" as long as they contain a noncommercial message. Id. § 134-372(b)(7). The County also exempts warning or regulatory signs, id. § 134-372(b)(17), and political signs that comply with certain restrictions on location and size, id. § 134-372(b)(21).

Some signs are completely banned by the Sign Ordinance. "Off-premise outdoor advertising signs," defined as "off-premise sign[s] with a commercial message," are prohibited. Id. §§ 134-311, -313(p)(17). No signs may "contain nudity, sexual conduct, obscene or pornographic material or advertise an illegal activity." Id. § 134-313(q); see id. §§ 134-313(p)(12), -313(p)(8).

Granite State buys or leases property to construct commercial and noncommercial signs. By 2001, Granite State had signed leases with different property owners to post twelve signs in Cobb County and submitted twelve applications to Cobb County seeking permits. The County denied the applications the same day because the Sign Ordinance prohibited billboards as "off-premises outdoor advertising signs." See §§ 134-311, -317(p)(17).

On May 29, 2001, Granite State filed a complaint against Cobb County and individual Cobb County officials that alleged the Sign Ordinance violated the First Amendment of the United States Constitution and the free speech provisions of the Georgia Constitution. Granite State requested an injunction against the

5

enforcement of the Sign Ordinance and damages. See 42 U.S.C. § 1983. On July 6, Cobb County moved to dismiss, and the district court converted the motion to dismiss into a motion for summary judgment. Granite State cross-moved for summary judgment.

In support of its motion, Granite State submitted a certified copy of the Sign Ordinance; an affidavit of Wayne Charles, the President of Granite State; and several court decisions regarding sign ordinances. Charles testified that Granite State had entered into leases with owners of real properties in Cobb County to construct signs. His affidavit did not contain any information about the messages on the proposed signs.

On March 26, 2002, the district court dismissed the claims against the individual defendants and granted the motion for summary judgment in favor of Granite State. The district court concluded that the Sign Ordinance granted unbridled discretion to County officials because it "fail[ed] to impose reasonable time limits on the decision maker." See Sign Ordinance § 134-373(d); see Freedman v. Maryland, 380 U.S. 51, 57, 85 S. Ct. 734, (1964).

After the district court issued its opinion, but before it issued a final judgment, we decided Granite State Outdoor Advertising, Inc. v. City of Clearwater, 351 F.2d 1112 (11th Cir. 2003). Because of this decision, on October

15, 2004, the district court vacated the grant of summary judgment and granted summary judgment in favor of Cobb County. The district court relied on Granite Clearwater to conclude that Granite State had standing to challenge provisions of the Sign Ordinance that caused personal harm to the Granite State. See Sign Ordinance §§ 134-313(p)(17), 134-311. The district court concluded that sections 134-313(p)(17) and 134-311 were constitutional. The district court reasoned that because the ordinance "allows for noncommercial signs anywhere a commercial sign could be located," the ordinance did not favor commercial speech over noncommercial speech. The district court also concluded that the restrictions on commercial speech in the Sign Ordinance met the requirements in Central Hudson Gas, 447 U.S. 557, 100 S. Ct. 2343, because Cobb County's asserted purposes of aesthetics and traffic safety were "substantial government interests" that were "no more extensive than necessary."

Granite State appealed the decision of the district court. After the parties filed their initial briefs, we requested supplemental briefs that addressed the intervening decisions issued by our Court in Tanner Advertising Group LLC v. Fayette County, 451 F.3d 777 (11th Cir. 2006) (en banc), and CAMP Legal Defense Fund, Inc. v. City of Atlanta, 451 F.3d 1257 (11th Cir. 2006).

## II. STANDARD OF REVIEW

We review standing determinations <u>de novo</u>.  <u>Bochese v. Town of Ponce Inlet</u>, 405 F.3d 964, 975 (11th Cir.), <u>cert. denied</u>, ___ U.S. ___, 126 S. Ct. 377 (2005).  We review grants of summary judgment <u>de novo</u>.  <u>State Farm Fire & Cas. Co. v. Steinberg</u>, 393 F.3d 1226, 1229 (11th Cir. 2004) (citing <u>Iraola & CIA, S.A. v. Kimberly-Clark Corp.</u>, 325 F.3d 1274, 1283 (11th Cir. 2003)).

## III. DISCUSSION

Granite State presents three arguments.  First, Granite State argues that the district court erroneously concluded that sections 134-311 and 134-313(p)(17), which ban off-premises outdoor advertising signs, do not violate the First Amendment.  <u>See</u> Sign Ordinance §§ 134-311, -313(p)(17).  Second, Granite State contends that the district court erred when it concluded that Granite State lacked standing to challenge several other provisions of the Sign Ordinance that do not pertain to off-premises outdoor advertising signs.  <u>See</u> Sign Ordinance §§ 134-313(a), -313(o), -313(p)(8), -313(p)(12), -314, -315, -318(a), -371, -372(b)(6), -372(b)(7), -372(b)(21), -372(b)(17).  Third, Granite State contends that the district court erred because it failed to consider whether any provision of the Sign Ordinance violates the Georgia Constitution.  We consider each argument in turn.

8

*A. Sections 134-311 and 134-313(p)(17) of the Sign Ordinance Do
Not Violate the First Amendment.*

Granite State contends that the district court erroneously concluded that sections 134-311 and 134-313(p)(17), which jointly prohibit "off-premises outdoor advertising signs," are constitutional. The district court ruled that the provisions did not favor commercial over noncommercial speech and satisfied the standards for restrictions on commercial speech in Central Hudson Gas, 447 U.S. 557, 100 S. Ct. 2343 (1980). We agree with the district court.

Sections 134-311 and 134-313(p)(17) do not favor commercial speech over noncommercial speech. Section 134-313(p)(17) prohibits "off-premises outdoor advertising signs," which are defined as signs "with a commercial message." Sign Ordinance § 134-311, -313(p)(17). Because this prohibition does not apply to signs that have a noncommercial message, the expression of commercial speech is more restricted than noncommercial speech in the Sign Ordinance.

Granite State contends that the prohibition does not directly advance a substantial government interest and is more extensive than necessary. Because the prohibition on "off-premises outdoor advertising signs" extends only to commercial speech, we review the challenge to these provisions under the four-part test articulated by the Supreme Court in Central Hudson Gas:

At the outset, we must determine whether the expression is protected by the First Amendment. For commercial speech to come within that provision, it at least must concern lawful activity and not be misleading. Next, we ask whether the asserted governmental interest is substantial. If both inquiries yield positive answers, we must determine whether the regulation directly advances the governmental interest asserted, and whether it is not more extensive than is necessary to serve that interest.

447 U.S. at 566, 100 S. Ct. at 2351.

Both provisions pass constitutional muster as prior restraints on commercial speech. First, neither party disputes that the messages of Granite State constitute protected speech. Second, the Sign Ordinance was enacted "to protect against traffic hazards and to reduce the adverse impact on the county's aesthetic qualities," see Sign Ordinance § 134-312(a), both of which are substantial government interests, see Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 407–08, 101 S. Ct. 2882, 2892 (1981). Third, the Supreme Court has stated that "the prohibition of offsite advertising is directly related to the stated objectives of traffic safety and esthetics." Id. at 511, 101 S. Ct. at 2894. Fourth, the Supreme Court has also stated that a prohibition of off-site advertising goes "no further than necessary" to fulfill the goals of traffic safety and aesthetics. Id. at 508, 101 S. Ct. at 2893. The district court correctly concluded that sections 134-311 and 134-313(p)(17) are constitutional restrictions on commercial speech.

10

*B. Granite State Has Standing to Challenge Only Provisions That Govern Its Activity of Erecting Off-Premises Outdoor Advertising Signs.*

Granite State argues that the district court erroneously concluded that it lacked standing to challenge several provisions of the Sign Ordinance. In its initial brief, Granite State argues that the Sign Ordinance grants unbridled discretion to County officials through the lack of procedural safeguards, see Sign Ordinance § 134-373, the prohibition on "nudity, sexual conduct, [o]r obscene" content, see Sign Ordinance §§ 134-313(q), 134-313(p)(8), and the prohibition on the advertisement of "illegal activity," see id. § 134-313(q), -313(p)(12). Granite State also argues that the district court erroneously dismissed its challenges to provisions of the Sign Ordinance that allegedly impose unconstitutional prior restraints. See id. §§ 134-372(b)(1)–(21), -315, -316, -317, -318(a), -371. We consider each argument in turn.

1. Granite State Lacks Standing to Challenge Provisions That Allegedly Grant Unbridled Discretion.

Granite State lacks standing to challenge the provisions that it alleges grant unbridled discretion to County officials. "The Supreme Court has 'long held that when a licensing statute allegedly vests unbridled discretion in a government official over whether to permit or deny expressive activity, one who is subject to the law may challenge it facially without the necessity of first applying for . . . a

11

license,'" but "[t]he challenged provisions 'must have a close enough nexus to expression . . . to pose a real and substantial threat of the identified censorship risks.'" CAMP, 451 F.3d at 1274 (quoting City of Lakewood v. Plain Dealer Pub'g Co., 486 U.S. 750, 755–56, 758, 108 S. Ct. 2138, 2143, 2145(1988)). Granite State is not subject to the provisions that allegedly grant unbridled discretion.

Granite State is not subject to the procedural requirements of the Sign Ordinance. See Sign Ordinance § 134-373. Granite State does not deny that its sign applications were for "off-premises outdoor advertising signs," and the Sign Ordinance completely bans "off-premises outdoor advertising signs." Id. § 134-313(p)(17). Granite State offered no evidence that it is engaged in any form of expression that is permitted under the Sign Ordinance. Granite State may not challenge the lack of procedural safeguards in the permit requirements because it is not subject to them. See CAMP, 444 F.3d at 1274.

Granite State likewise failed to establish that its signs are subject to the prohibition on messages that are obscene or advertise illegal activity. See Sign Ordinance §§ 134-313(p)(8), (12), -313(q). Granite State concedes that the signs it seeks to construct are categorically banned without regard to whether the messages are obscene or advertise illegal activity. See id. § 134-313(p)(17). Because

12

Granite State is not subject to these provisions, it lacks standing to challenge these provisions.

Granite State argues in its supplemental brief that the Sign Ordinance grants unbridled discretion to allow signs based on content, see id. §§ 134-317, -372(b)(1)–(21), but it has waived this argument because it failed to raise them in its initial brief. "Under the established law of this Circuit, 'issues that clearly are not designated in the initial brief ordinarily are considered abandoned.'" Tanner, 451 F.3d at 787 (quoting Hartsfield v. Lemacks, 50 F.3d 950, 953 (11th Cir. 1995)). In its initial brief, Granite state argued that these exemptions were content-based prior restraints of speech, not grants of unbridled discretion. Granite State cannot now argue that these provisions grant County officials unbridled discretion.

### 2. Granite State Lacks Standing to Challenge Allegedly Unconstitutional Prior Restraints.

Granite State argues that the district court erroneously dismissed its challenges to several provisions of the Sign Ordinance as unconstitutional prior restraints on speech. See Sign Ordinance §§ 134-372(b)(1)–(21), -315, -316, -317, -318(a), -371. We have stated that "[i]n a challenge of a prior restraint on speech the plaintiff must establish that the challenged provision pertains to its activity, and not merely that it is 'subject to the law.'" CAMP, 444 F.3d at 1276 (quoting City of Lakewood, 486 U.S. at 755–56, 108 S. Ct. at 2143). Because its challenges

13

were dismissed on a motion for summary judgment, Granite State "must 'set forth' by affidavit or other evidence 'specific facts' to prove standing." Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (quoting Fed. R. Civ. P. 56(e)). None of the provisions that Granite State challenges pertains to its activities.

Granite State lacks standing to challenge the restrictions on "temporary signs," id. § 134-316, directional signs for the purpose of tourism or public recreation, see id. § 134-317, and "off-premises signs," see id. § 134-315(a). Because there is no evidence in the record that the signs Granite State intended to construct signs governed by any of these regulations, Granite State does not have standing to challenge them. The record shows that the only intended activity of Granite State is outdoor advertising, which is categorically banned. Id. §§ 134-316, -317.

Granite State also lacks standing to challenge the exemptions in the Sign Ordinance, see Sign Ordinance § 134-372(b)(1)–(21), or the permit requirement, see id. -371. The injury that Granite State suffered from being denied a permit under the categorical ban on off-premises outdoor advertising would not be redressed by a challenge to these provisions. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136 (1992); see also Dimmitt v. City of

14

Clearwater, 985 F.2d 1565, 1568 (11th Cir. 1993).  Even if these provisions were declared unconstitutional, the Sign Ordinance would continue to prohibit off-premises outdoor advertising, which is the only intended activity of Granite State. Because Granite State cannot establish that its injury will be redressed by a favorable decision, "there would be no point in evaluating [Granite State's] arguments as to those provisions."  Coral Springs Street Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1349 (11th Cir. 2004).

### C. We Are Unable Meaningfully to Review the Claims of Granite State Under the Georgia Constitution.

Granite State argues that the district court erred when it granted summary judgment because the district court failed to consider whether any provision of the Sign Ordinance violates the Georgia Constitution.  The district court dismissed these claims sub silentio, but because the district court "did not discuss the matter[,] [i]t would be difficult for us to review the issue in this context."  Lucero v. Trosch, 121 F.3d 591, 598 (11th Cir. 1997).  The district court may have concluded, on the one hand, that the arguments of Granite State under the Georgia Constitution lacked merit because they failed under the First Amendment.  But see CAMP, 451 F.3d at 1280 ("Georgia courts depart from federal constitutional free speech analysis for . . . content-neutral speech . . . because Georgia requires the 'least restrictive means' to regulate content-neutral speech." (quoting Statesboro

15

Publ'g Co. v. City of Sylvania, 516 S.E.2d 296, 299 (Ga. 1999))). The district court may have declined, on the other hand, to exercise supplemental jurisdiction because it "dismissed all claims over which it ha[d] original jurisdiction." 28 U.S.C. § 1367(c); see also United Min Workers v. Gibbs, 383 U.S. 715, 86 S. Ct. 1130 (1966). "[I]f the federal claims are dismissed prior to trial, Gibbs strongly encourages or even requires dismissal of state claims." Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) (citations omitted). When a district court declines to exercise supplemental jurisdiction because only state law claims remain, the district court should dismiss the state law claims without prejudice "so that the claims may be refiled in the appropriate state court." Crosby v. Paulk, 187 F.3d 1339, 1352 (11th Cir. 1999). "As a practical matter, the district court is in the best position to weigh . . . whether it is appropriate to exercise supplement jurisdiction." Lucero, 121 F.3d at 598. Because we cannot meaningfully review the decision of the district court regarding the claims for relief under the Georgia Constitution, we vacate the dismissal of those claims and remand for further proceedings consistent with this opinion.

## IV. CONCLUSION

We affirm the summary judgment by the district court regarding the claims for relief under the First Amendment of the United States Constitution. We vacate

and remand the dismissal of the claims for relief under the Georgia Constitution.

The summary judgment by the district court is

**AFFIRMED in part and VACATED and REMANDED in part.**