**ROMA OUTDOOR CREATIONS,
INC., Plaintiff,**

v.

**CITY OF CUMMING, GEORGIA, and
Scott Morgan, in his official capacity
as Director of the City's Planning and
Zoning Department, Defendants.**

Civil Action No. 2:07–CV–0133–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

May 14, 2008.

Edward Adam Webb, G. Franklin Lemond, Jr., The Webb Law Group, LLC, Atlanta, GA, for Plaintiff.

Dana Kristin Maine, Erin Frances Highland, Freeman Mathis & Gary, Kevin James Tallant, Miles McGoff & Moore, LLC, Atlanta, GA, for Defendants.

### *ORDER*

WILLIAM C. O'KELLEY, Senior District Judge.

This case is before the court for consideration of a motion for partial judgment on the pleadings [10–1] filed by de-

fendants City of Cumming, Georgia, and Morgan.[1]

## I. Factual Background

On May 15, 2007, plaintiff submitted two sign permit application packages to the City (Compl. ¶ 11). Although the proposed sign locations complied with the requirements of the City's sign ordinance, the planning commission voted to recommend that the mayor and city council deny the applications (Compl. ¶¶ 13, 16). Two months later, the mayor and city council adopted the planning commission's recommendation and denied plaintiff's applications (Compl. ¶ 17).

This lawsuit grows out of those denials. According to plaintiff, the City's use of artificial, "previously non-existent criteria" to deny the permits violated the Constitution's guarantee of equal protection under the law. (*See* Compl. ¶¶ 21, 26, 29). Plaintiff also alleges in a successive series of counts that the City's ordinance violates the First Amendment. In Count Two, plaintiff alleges that the ordinance vests city officials with unbridled discretion (Compl. ¶¶ 33–34); in Count Three, he contends that the ordinance, which does not provide a time limit by which city officials must render a decision on a par-

ty's permit application, lacks procedural safeguards (Compl. ¶¶ 38–40); and in Count Four, plaintiff alleges that the ordinance violates the First Amendment by, among other things,[2] favoring commercial speech over noncommercial speech (Compl. ¶¶ 44–47). Plaintiff's final claim charges that the ordinance violates the Georgia Constitution (Compl. ¶¶ 51–55).[3]

On March 18, 2008, the City filed the motion currently before the court, seeking judgment in its favor on Counts Two, Three, Four, and Five of the complaint.

## II. Legal Standard

■ "A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." *Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta*, 864 F.Supp. 1274, 1278 (N.D.Ga.1994). The law governing motions to dismiss is well-settled. A complaint should be dismissed only "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). In considering a motion to dismiss, the court must accept the plaintiff's allegations as true and construe all the allega-

---

1. A suit against a government official in his official capacity is actually a suit against the underlying governmental entity he represents, not the official. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir.1991) (noting that suits against a municipal officer in his official capacity are, "in actuality, suits directly against the city that the officer represents"). Therefore, the court will refer to both defendants collectively as "the City."

2. Two of the "other things" identified in Count Four are assertions that the ordinance "grants City officials virtually unlimited discretion," (Compl. ¶ 47), and that "is an invalid prior restraint and fails to contain the minimum procedural safeguards mandated by the United States Constitution," (Compl. ¶ 46), which are exactly the allegations on

which Counts Two and Three respectively rest.

3. Plaintiff's complaint purports to contain seven claims. Two of the "claims," however, are merely requests for relief and not freestanding legal claims. The court is unsure why litigants have taken to presenting their requests for relief as independent claims, but the practice finds no support in the law. Therefore, the court hereby **DISMISSES** Count Six (mandamus) and Count Seven (injunctive relief). Despite the dismissal, these remedies remain potentially available to plaintiff because they form part of its prayer for relief, a fact that makes their inclusion as independent claims all that more questionable.

tions in the complaint in a light most favorable to plaintiff. *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir.2007). Ultimately, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). If the complaint adequately states a claim, it may not be dismissed simply because the defendant (or the court) believes that the plaintiff will fail to find evidentiary support for his allegations. *Id.* at 1969 (noting that a district court weighing a motion to dismiss asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

## III. Discussion

Of plaintiff's five claims, the City contends that only Count One actually states a claim for which relief can be granted. The remaining counts supposedly fail because plaintiff lacks standing to assert them or because plaintiff failed to identify the specific provisions of the ordinance he is challenging. Neither argument is persuasive.

 The City argues that plaintiff lacks standing to pursue Counts Two, Three, Four, and Five because it has not suffered an injury under the provisions of the ordinance that those counts target. "[W]hen lack of standing is raised in a motion to dismiss, the issue is properly resolved by reference to the allegations of the complaint." *Church v. City of Huntsville,* 30 F.3d 1332, 1336 (11th Cir.1994). The City's effort to dismiss Counts Two, Three, Four, and Five for lack of standing argument fails because it is largely made without regard to the complaint. When the complaint's allegations are considered, plaintiff's standing is apparent.

 Various paragraphs of the complaint allege that the City's sign ordinance vests city officials with unbridled discretion, lacks procedural safeguards, and otherwise violates the First Amendment and the Georgia Constitution. As in *The Lamar Company, LLC v. City of Marietta,* 538 F.Supp.2d 1366 (N.D.Ga.2008), plaintiff "as a permit applicant is subject to" those allegedly unconstitutional provisions and, as such, has suffered the requisite injury. 538 F.Supp.2d at 1372; *see also Lamar Adver. Co. v. City of Douglasville,* 254 F.Supp.2d 1321, 1326–27 (N.D.Ga.2003) ("Because ... [the plaintiff] asserts that [the defendant's] licensing statute vests unbridled discretion in city officials to permit or deny expressive activity, [the plaintiff] has standing to challenge [the defendant's sign] ordinance on its face.").

Nonetheless, the City suggests that "[p]laintiff does not have standing to challenge any parts of the ordinance it may assert constitute the challenged conduct *because plaintiff's signs were denied based on their proximity to other signs.*" Defs. Br. Mot. Jdgmt. 5 (emphasis added). The implication, of course, is that plaintiff was not "subject to" the provisions of the ordinance he complains about because his applications were denied pursuant to *another* provision of the City's ordinance. (*See, e.g.,* Defs. Br. Mot. Jdgmt. 5). But for the allegations of the complaint, this argument would be persuasive.

In the paragraphs that the City overlooks, plaintiff specifically alleges that the City's ordinance confers unbridled discretion upon City officials *and* that City officials used that discretion to "create" new criteria upon which to base the denial of plaintiff's applications. In other words, plaintiff alleges that something other than the locations of its proposed signs caused the City to deny them. In that sense, this case is quite unlike those cited in the City's brief, all of which held that plaintiffs who applied for signs flatly prohibited by an ordinance were not subject to permitting procedures that may or may not have

**1286**

violated the First Amendment. *See Advantage Advertising, LLC v. City of Hoover*, 200 Fed.Appx. 831, 835–36 (11th Cir. 2006); *Granite State Outdoor Advertising, Inc. v. Cobb County*, 193 Fed.Appx. 900, 905 (11th Cir.2006); *Maverick v. Hillsborough County*, 508 F.Supp.2d 1126, 1144 (M.D.Fla.2007). Here, the complaint alleges that plaintiff intended to erect signs that were permitted under the ordinance but that officials, who took one hundred fifty (150) days to act on the applications, exploited the discretion afforded them to arbitrarily deny the applications. Because of that, the court cannot say, as was said in *Hoover*, that plaintiff

> was not subject to those provisions [that allegedly granted unbridled discretion to city officials] because off-premise signs are never permitted under the ordinance. . . . [Plaintiff] did not allege in its complaint or present evidence that it intended to construct signs that might be permitted under the statute, which would subject [it] to the lack of procedural safeguards.

(Defs. Br. Mot. Jdgmt. 6 (quoting *Hoover*, 200 Fed.Appx. at 835)). Plaintiff was and is subject to the provisions of the ordinance that it is challenging in this lawsuit. The City's arguments to the contrary come at the expense of the complaint and, therefore, are unpersuasive.

The City also contends that it is entitled to a partial judgment because, for many of its claims, plaintiff failed to cite the relevant, offensive ordinance provision. *See, e.g.*, Defs. Br. Mot. Jdgmt. 4, 10 (decrying plaintiff's practice of "conveniently ignor[ing] the detail of actually asserting which part of the ordinance" it is challenging). Unfortunately, the City has not cited and the court is not aware of any authority that requires plaintiff to specifically cite the ordinance's provisions.[4] Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," which gives "the defendant fair notice of what the ... claim is and the grounds upon which it rests." Plaintiff has provided that "short and plain statement," and therefore, the City's effort to dismiss the counts on this ground must fail.

### IV. Conclusion

For these reasons, the City's motion for partial judgment on the pleadings [10–1] is hereby **DENIED**.[5]

---

4. *Harshman v. Hood*, 2005 WL 1228794 (M.D.Fla. May 24, 2005), which the City cites, certainly does not stand for this proposition. In that case, the district court dismissed with prejudice the plaintiff's complaint because it "represent[ed]" the quintessential shotgun pleading" and was "almost entirely unintelligible." *Id.* at *2. Plaintiff's complaint is neither a shotgun pleading nor unintelligible. The complaint's clarity is perhaps best evidenced by the City's ability to answer it without any apparent difficulty. Had the City been "hard pressed to formulate a thoughtful and meaningful response," *id.*, the court would likely have been willing to grant a motion for a more definite statement. The City, however, did not move for one.

5. The court agrees with the City that in these types of cases, plaintiffs can unfairly force a local government to expend a substantial amount of money defending against unsupported claims. The court does not know whether plaintiff will be able to marshal evidence to support its speech claims in this case, but if it cannot, plaintiff should recognize the futility of those claims and withdraw them as soon as possible. No defendant should have to bear the cost of moving for summary judgment on claims that should have been voluntarily dismissed. *If* plaintiff puts the City to that trouble, then the court will explore the possibility of sanctions.