[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 24, 2010
JOHN LEY
CLERK

Nos. 08-16070 & 09-12867
Non-Argument Calendar
_____

D. C. Docket Nos. 07-01226-CV-1-SLB
& 07-01226-CV-SLB

CATHY JEAN PETERS,

                                                      Plaintiff-Appellant,

versus

HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,

                                                      Defendant-Appellee,

WALMART,

                                                      Defendant.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(February 24, 2010)

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

This is an ERISA case.[1]  Cathy Jean Peters, a former Wal-Mart employee proceeding *pro se*, brought this action against Wal-Mart Stores, Inc. ("Wal-Mart"), and Hartford Life and Accident Insurance Company ("Hartford"), to recover short-term disability benefits under Wal-Mart's group benefits policy plan ("the plan") administered by Hartford.  Wal-Mart moved the district court to dismiss it from the case because Hartford was the proper party to respond to Peters's claim, as Hartford was the named fiduciary for the payment of benefits.   Hartford subsequently moved the court for summary judgment, and the court granted its motion because Hartford's decision to deny Peters's claim for short-term disability benefits was not wrong; the record contained no medical evidence of limitations or restrictions on her ability to perform her job duties.  Post-judgment, Peters moved the court for leave to amend her complaint to add an unlawful discriminatory employment practice claim, to reconsider her case, and to grant her a new trial. The court denied those motions.  Peters now appeals the foregoing rulings.  We affirm.

I.

Peters argues that the district court erred in granting Wal-Mart's motion to dismiss because Wal-Mart (1) officials submitted information to Hartford;

_____

[1]  Employee Retirement Income Security Act of 1974 ("ERIS"), 29 U.S.C. § 1001 *st seq.* Cathy Jean Peters brought this suit under 29 U.S.C. § 1132(a)(1).

(2) communicated with Hartford about her claim; and (3) informed employees on the proper procedures for submitting a claim. She appears to argue in addition that the court should not have dismissed Wal-Mart because it had failed to (1) respond to her complaint; and (2) serve her a copy of its motion to dismiss, which required her to obtain one through defense counsel and the district court. She also argues that the district court abused its discretion in granting Wal-Mart's motion to dismiss without first holding a hearing.

None of these six points is pertinent here because Wal-Mart was not amenable to suit. Rather, the party required to respond to Peters's claim, and to be held answerable if the claim had merit, was Hartford. *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan."). The district court was therefore required to dismiss Wal-Mart from the case.

## II.

Peters argues that the district court erred in granting Hartford summary judgment because she had provided Hartford with (1) the date of her disability; (2) the cause of her disability; (3) her prognosis; (4) the names and addresses of her medical providers; and (5) authorization to gather her medical records. She

maintains that she qualified for short-term disability benefits based on her nearsightedness, high blood pressure, and dizziness; that Hartford denied her claim without seeking an independent medical opinion;[2] and that she did not receive a full and fair review of her claim because Hartford had only requested information for after August 2006, but she had medical records from her "teenage years" which supported her inability to read labels without corrective lenses. Finally, she asserts that the court abused its discretion in granting summary judgment because a reasonable person would not have found her able to work while being legally blind.

"[E]very employee benefit plan shall afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). ERISA provides no standard for reviewing decisions of plan administrators or fiduciaries. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109, 109 S.Ct. 948, 953, 103 L.Ed.2d 80 (1989). However, the Supreme Court in *Firestone* established three distinct standards for reviewing an ERISA plan administrator's decision: (1) *de novo* where the plan does not grant the administrator discretion; (2) arbitrary and capricious where the plan grants the

---

[2] She presents a fully favorable February 2009 Social Security decision in which she was awarded benefits based on her disability commencing in August 2006.

4

administrator discretion; and (3) heightened arbitrary and capricious where the plan grants the administrator discretion, and the administrator has a conflict of interest. *See Buckley v. Metro. Life*, 115 F.3d 936, 939 (11th Cir. 1997). We have expanded the *Firestone* test into a six-step analysis to guide district courts in reviewing an administrator's benefits decision. As relevant here, the first step of the analysis is to "[a]pply the *de novo* standard to determine whether the claim administrator's benefits-denial decision is 'wrong' (i.e., the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision." *Williams v. BellSouth Telecomms., Inc.*, 373 F.3d 1132, 1137 (11th Cir. 2004), *abrogated on other grounds by Doyle v. Liberty Life Assurance Co. of Boston*, 542 F.3d 1352 (11th Cir. 2008).

When the district court makes its own determination of whether the administrator was "wrong" to deny benefits under the first step of the *Williams* analysis, it applies the terms of the policy. *See* 29 U.S.C. § 1104(a)(1)(D) (providing that an ERISA plan administrator must "discharge his duties with respect to a plan . . . in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]."). Applying the terms of the plan, Hartford's decision to deny short-term disability benefits was not wrong. The proof of loss Peters

submitted was not satisfactory to Hartford, and Hartford thereafter acted within the terms of the plan when it required medical documentation. The objective medical evidence Peters submitted was not sufficient for a finding of total disability because it did not contain limitations or restrictions on Peters's ability to perform her job. In sum, Hartford was entitled to summary judgment.

III.

Peters argues that unlawful employment practices were the basis for Hartford and Wal-Mart denying her medical disability claim. Peters also makes vague accusations against Hartford and Wal-Mart regarding unfair job placement and other supposedly unlawful employment practices in violation of 42 U.S.C. § 2000e-2. Finally, Peters makes sparse references in her briefs about the district court's denial of her post-judgment motions.

"[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir.), *cert. denied*, 129 S.Ct. 74 (2008). This includes issues the appellant notes only in passing and does not clearly argue in her initial brief. *Rowe v. Schreiber*, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998). Peters's initial brief does not sufficiently address the points cited above. Hence, we deem them abandoned.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

6