**W.A. GRIFFIN, MD, Plaintiff,**

v.

**SUNTRUST BANK, INC., Defendant.**

**CIVIL ACTION NO. 1:15–cv–0147–AT**

United States District Court,
N.D. Georgia, Atlanta Division.

Signed May 29, 2015

W. A. Griffin, MD, Atlanta, GA, pro se.

Patrick Lee Lail, Tracy Lynn Glanton, Elarbee, Thompson, Sapp & Wilson, LLP, Atlanta, GA, for Defendant.

## ORDER

Amy Totenberg, United States District Judge

This matter is before the Court on Defendant SunTrust Bank, Inc.'s ("SunTrust") Motion for Judgment on the Pleadings [Doc. 7]. For the following reasons, the Motion is **GRANTED.**

## I. BACKGROUND FACTS

At the motion to dismiss stage, the facts alleged in the Complaint are accepted as true. Plaintiff Griffin operates a solo dermatology practice called Intown Dermatology. (Compl.¶ 3.) As a condition of service, Plaintiff requires her patients to assign their health insurance benefits to her. (*Id.*)

On December 23, 2013, Plaintiff administered medical care on patient BW, whose insurance coverage is at issue in this litigation. (*Id.* ¶ 20.) BW is a beneficiary of a SunTrust-sponsored, self-funded group health benefit plan (the "Plan") governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. ch. 18. (*Id.* ¶¶ 4, 12). Plaintiff was not paid what she believes she is owed for services rendered to BW and seeks $999.29 in unpaid benefits and over $65,000 in statutory penalties. (*Id.* at 19.)

Plaintiff's Complaint contains four counts against SunTrust, all of which are styled as ERISA violations. Count 1 alleges failure to pay the correct amount of benefits. Count 2 alleges breach of fiduciary duty by continuing to delegate claims administration duties to SunTrust's claims administrator, Blue Cross Blue Shield Healthcare Plan of Georgia ("BCBSHP Georgia"), even when SunTrust knew or should have known that BCBSHP Georgia was performing inadequately. Count 3 alleges failure to provide plan documents upon request, and Count 4 claims SunTrust breached its "contractual obligations to the Plaintiff as recognized by ERISA."

## II. LEGAL STANDARD

"Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998) (citing Fed.R.Civ.P. 12(c)). The legal standard for assessing a motion for judgment on the pleadings under Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). *Id.*; *Roma Outdoor Creations, Inc. v. City of Cumming, Ga.,* 558 F.Supp.2d 1283, 1284 (N.D.Ga. 2008).

This Court may dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading fails to state a claim if it does not contain allegations that support recovery under any recognizable legal theory. 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1216 (3d ed.2002); *see also Ashcroft v. Iqbal,* 556

U.S. 662, 677–78, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. *See Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir.1993). Plaintiff need not provide "detailed factual allegations" to survive dismissal, but the "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937 (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955).

## III. DISCUSSION

Defendant SunTrust moves to dismiss all counts under Rule 12(c). SunTrust argues that it is not liable for Count One's underpayment of benefits claim because it does not have the authority under the plan to determine benefits. As to the other three counts, SunTrust argues that Plaintiff's assignment of benefits does not grant her standing to assert those claims. Plaintiff responds that the assignment should be considered broad enough to cover assignment fo the right to bring her other ERISA claims.

### A. Count 1

■ Count 1 alleges SunTrust is liable for improper denial of benefits under 29 U.S.C. § 1132(a)(1)(B). Defendant contends it cannot pay the benefits sought

because the authority to decide claims and appeals has been delegated to BCBSHP Georgia under the Administrative Services Agreement (the "ASA") between SunTrust and BCBSHP Georgia.[1] Plaintiff contends that Defendant, the Plan Administrator, does have the authority to pay the benefits sought.

■ An entity is a proper defendant under § 1132(a)(1)(B) only if it has the discretion to award the benefits at issue. "[T]he relief provided in an action to recover benefits under [§ 1132(a)(1)(B) ] of ERISA is equitable, not legal [;] ... the relief consists of an order directing a person or entity *having the necessary authority* under the benefit plan to pay the participant the benefit that he seeks." *Hunt v. Hawthorne Assocs.,* 119 F.3d 888, 906–07 (11th Cir.1997) (emphasis added); *see also Brucks v. Coca–Cola Co.,* 391 F.Supp.2d 1193, 1213 (N.D.Ga.2005) (citing *Hunt,* 119 F.3d at 906–08). In *Hunt,* the Eleventh Circuit held a trust administrative committee could not be held liable under § 1132(a)(1)(B) where the committee was delegated limited administrative duties and did not have the discretion to issue or deny payment of benefits under the plan at issue there. *Id.* at 908–09. The court was not persuaded to abandon this rule even considering the fact that the party that *could* issue those benefits—the Plan Administrator—had already been dismissed with prejudice, and therefore the relief may not have been available at all. *Id.* at 910–11.

Similarly, in *Peters v. Hartford Life & Acc. Ins. Co.,* 367 Fed.Appx. 69, 71 (11th Cir.2010) *opinion vacated on reconsidera-*

1. The Court considers the documentation attached to Defendant's Answer as incorporated into the pleadings because the documents are: (1) central to Plaintiff's claims; and (2) not in dispute. *See Horsley v. Feldt,* 304 F.3d 1125, 1135 (11th Cir.2002) (holding the incorpo-

ration by reference doctrine "must apply for Rule 12(c) purposes to documents attached to answers just as it applies for Rule 12(b)(6) purposes to documents attached to motions to dismiss.").

*tion,* 579 Fed.Appx. 866 (11th Cir.2014) the employer, who funded the plan, was dismissed because all discretionary claims administration functions were delegated to the insurer, Hartford. According to the Eleventh Circuit, Hartford was the only proper party to the suit because it was "the named fiduciary for the payment of benefits," was "required to respond to [the plaintiff's] claim" for benefits, and was "to be held answerable if the claim had merit." *Id.* at 70–71. And in *Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 187 (11th Cir.1997), the third-party claims administrator was dismissed because it had *not* been delegated any discretionary authority. In that case, the employer was solely liable because the "proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." *Id.* Finally, in determining the related question of whether a claims administrator is an ERISA fiduciary and therefore subject to suit for failure to pay benefits, the Eleventh Circuit found the employer:

> did no more than "rent" the claims processing department of [the insurance company] to review claims and determine the amount payable "in accordance with the terms and conditions of the Plan." [The employer] reserved the right to review any and all claim denials. An insurance company does not become an ERISA "fiduciary" simply by performing administrative functions and claims processing within a framework of rules established by an employer, especially if, as in this case, the claims processor has not been granted the authority to review benefits denials and make the ultimate decisions regarding eligibility.

*Baker v. Big Star Div. of the Grand Union Co.,* 893 F.2d 288, 290 (11th Cir.1989) (citations omitted).

SunTrust argues that all discretionary authority related to claims and appeals thereof has been delegated to BCBSHP Georgia [2] under the ASA. Some provisions in the ASA support this view. For example, Article 2 states:

> b. BCBSGa shall perform the following Claims administrative services:
>
> 1. Process Claims [ ] including investigating and reviewing such Claims to determine what amount, if any, is due and payable according to the terms and conditions of the Benefits Verification Document and this Agreement. [.] In processing Claims, BCBSGa shall utilize BCBSGa's medical policies and medical policy exception process [ ].
>
> 2. Disburse to the applicable individuals or entities (including Providers and Vendors) payments that it determines to be due according to the provisions of the Benefits Verification Document. [ ]
>
> c. [ ] *Employer delegates to BCBSGa fiduciary authority to determine claims for benefits under the Plan as well as the authority to act as the appropriate fiduciary under Section 503 of ERISA to determine appeals of any adverse benefits determinations under the Plan.* BCBSGa shall administer complaints and appeals according to BCBSGa's complaint and appeals policy, unless otherwise provided by the Benefits Verification Document. *In carrying out its authority, BCBSGa is delegated full discretion to determine eligibility for benefits under the Plan and to interpret the terms of the Plan.*

(Doc. 5–2 at 3–4 (emphasis added).) Based on these provisions, BCBSHP Georgia unquestionably had "the necessary au-

---

**2.** In the ASA, "[a]ll references to BCBSGa herein will include [BCBSHP Georgia] unless the context requires otherwise." (Doc. 5–2 at 1.)

thority under the benefit plan to pay the participant the benefit that [s]he seeks." *Hunt,* 119 F.3d at 906–907. Thus, Defendant is correct when it argues that BCBSHP Georgia would be a proper defendant as to the claim in Count 1 for unpaid benefits. (Doc. 14 at 2.)[3]

However, it does not necessarily follow that BCBSHP Georgia was the *only* entity with the authority to pay the requested benefits. SunTrust remained the overall Plan Administrator, (Compl. ¶ 4; Doc. 5–3 at 3–4), and Article 3 of the ASA details that even though SunTrust delegated discretionary claims administration authority to BCBSHP Georgia, SunTrust nonetheless retained "all final authority" over the Plan and its operation and could have instructed BCBSHP Georgia to pay Plaintiff the benefits she seeks. Article 3 reads, in pertinent part:

Article 3

[ ]

b. [ ] Employer has the discretionary authority and control over the management of the Plan, and all discretionary authority and responsibility for the administration of the Plan except as delegated to BCBSGa in Article 2(c) of this Agreement. [ ] *Employer retains all final authority* and responsibility for the Plan and its operation [ ].

[ ]

j. *The Employer may request BCBSGa, on an exception basis, to* process and pay Claims that were denied by BCBSGa [ ]. BCBSGa shall not be responsible for any liability associated with any act or omission undertaken at the direction of, or in accordance with,

instructions received from the Employer under this provision.

(Doc. 5–2 at 7–8 (emphasis added).) As clearly as Article 2 delegates to BCBSHP Georgia the discretionary authority and fiduciary duty to administer claims and appeals, by that same degree of clarity does Article 3(b) acknowledge that SunTrust "retains all final authority" over the Plan and its operation. And under Article 3(j), SunTrust specifically retains the authority to direct BCBSHP Georgia to pay claims that BCBSHP Georgia previously denied. Taken together, the Court is convinced that BCBSHP Georgia has the authority under the Plan and the ASA to pay Plaintiff the unpaid benefits she seeks.

However, the Complaint does not allege that Plaintiff ever appealed the denial of her claim to SunTrust.[4] This allegation is conspicuous in its absence because Plaintiff provides robust factual descriptions in all of her complaints, and elsewhere specifically does mention that she appealed her benefits denial to the employer. *See, e.g.,* Complaint, *Griffin v. S. Co. Servs., Inc.,* No. 1:15–cv–0115–AT, Doc. 1 ¶ 20 (N.D.Ga. Jan. 14, 2015). Rather, with regard to Count 1, Plaintiff alleges only that the "Plan administrators of this self-funded plan have failed to put a leash on [the] abusive and negligent [underpayment] techniques implemented by their claims administrators such as [BCBSHP Ga]." (Compl. ¶ 12.)

Courts confronted with similar situations have dismissed the employer. In *Milton v. Life Ins. Co. of, N. Am.,* No. CV–12–BE–864–E, 2012 WL 2357800, at *1 (N.D.Ala. June 20, 2012), the employer was

---

3. The disposition of this case does not foreclose any claim Plaintiff may have against BCBSHP Georgia. However, the Court is disinclined at this late stage to permit yet another attempt to amend the complaint after Plaintiff was put on notice both in this case

and in her many other cases that BCBSHP Georgia may well be the proper defendant.

4. Plaintiff's Proposed Amended Complaint [Doc. 12–1] also contains no mention of an appeal to Defendant Suntrust.

dismissed because the complaint alleged both that all claims decisions had been made by the third-party administrator and that the employer "had no involvement in the claim decision making process" for plaintiff's benefits claim. The court in *Tookes v. Metro. Life Ins. Co.* did the same thing, stating:

> [The employer] has delegated all discretionary authority for claims determinations under the Plan to [the claims administrator]. Moreover, the record is entirely devoid of evidence which would indicate that [the employer] retained or exercised any discretionary authority or control over the disposition of Plaintiff's benefit claims under the Plan. As such, Plaintiff's claims against [the employer] under the Plan are foreclosed as a matter of law.

No. 1:04–cv–1957–RWS, 2006 WL 870313, at *9 (N.D.Ga. Mar. 31, 2006). The court in *Henderson v. Transamerica Occidental Life Ins. Co.* did the same thing, too, stating:

> In the absence of binding precedent from either the Supreme Court or the Eleventh Circuit on this specific question, this court concludes that [the employer] is not properly joined in this claim because no evidence has been presented which indicates that [the employer] exercised any control over [the claims administrator's] decision to deny Plaintiff's claim for benefits. Absent evidence of some degree of decisional control on the part of [the employer], it is illogical to require it to stand before this court to face a charge of wrongful denial of benefits.

120 F.Supp.2d 1278, 1282 (M.D.Ala.2000) *aff'd sub nom. Henderson v. Transamerica Life,* 263 F.3d 171 (11th Cir.2001). The Court finds these cases persuasive.

Accordingly, as SunTrust is not alleged to have exercised any discretionary authority to decide benefit appeals that it might have retained in Article 3 of the ASA or elsewhere, Count 1 is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.[5]

## B. Counts 2, 3, and 4

■ Defendant argues that Counts 2, 3, and 4 should be dismissed because Plaintiff's assignment of benefits does not grant her standing to pursue those claims.[6] Plaintiff responds that the assignment of benefits is, in fact, broad enough. Plaintiff attaches the alleged assignment of benefits to her Response.

In the Complaint and in her briefs, Plaintiff repeatedly refers to the "assignment of benefits" that she received from BW. (*See* Compl. ¶¶ 3, 22, 25; Response ¶¶ 2, 4.) An assignment of benefits does not confer standing to seek claims for civil penalties or for breach of fiduciary duty. In the Eleventh Circuit, "[a]ssignment agreements are generally interpreted narrowly." *Sanctuary Surgical Ctr., Inc. v. Aetna Inc.,* 546 Fed.Appx. 846, 851 (11th Cir.2013) *cert. denied sub nom. Sanctuary Surgical Ctr., Inc. v. Aetna Health, Inc.,* —— U.S. ——, 134 S.Ct. 1557, 188 L.Ed.2d 559 (2014). And under a narrow reading, the assignment of mere "benefits" under the Plan does not provide Plaintiff with the right to bring a claim against the Plan for

5. In the event that Plaintiff did appeal unsuccessfully to SunTrust but failed to include such an allegation in her Complaint, Plaintiff can file a motion for reconsideration of this final Order. In the event that Plaintiff does so, she must include in her motion specific

facts or attach documents that make that allegation plausible.

6. Notably, Defendant does not argue that the assignment of benefits is invalid because it is prohibited under the Plan.

failure to produce documents—or any other claim for civil penalties under ERISA. Put another way, "[Plaintiff's] contention stretches beyond its breaking point the plain meaning of the agreement, which assigns only the right to receive benefits and not the right to assert claims for breach of fiduciary duty or civil penalties. Because the agreements do not support [Plaintiff's] position, [she] lack[s] standing to bring claims under § 502(a)(3) and § 502(c)," as codified at 29 U.S.C. §§ 1132(a)(3) and 1132(c). *Id.* at 852.

Plaintiff's contention that the assignment covers more than benefits is without merit. To start, the Complaint does not allege that it is anything more than an "assignment of benefits." Moreover, even if the Court were to consider the attached assignment as part of Plaintiff's Response,[7] the Court would find it is as Plaintiff and Defendant describe: an assignment of benefits. The form is titled, "*Legal Assignment of Benefits* and Designation of Authorized Representative For The Release of Medical and Health Plan Documents For The Claims Processing & Reimbursement As Required by Federal and State Laws," (Doc. 10–2 at 1 (emphasis added)), and the statement next to the relevant tick-box that patients are required to affirmatively tick states, as quoted above, "I ... hereby assign and convey directly to [W.A. Griffin, M.D./Intown Dermatology], as my designated Authorized Representative(s), *all medical benefits and/or insurance reimbursement.*" (*Id.* (emphasis added)) Nowhere does the document assign the right to assert claims for breach of fiduciary duty or civil penalties.

As a result, Defendant's Motion to Dismiss is **GRANTED** as to Plaintiff's ERISA claims in Counts 2, 3, and 4 as well.[8] These counts are **DISMISSED WITHOUT PREJUDICE** for lack of standing.[9]

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings [Doc. 7] is **GRANTED,** and Plaintiff's Motion for Leave to Amend the Complaint to add an additional ERISA claim [Doc. 12] is **DENIED.** Count 1 is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, and Counts 2, 3, and 4 are **DISMISSED WITHOUT PREJUDICE** for lack of standing. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 29th day of May, 2015.

---

7. "As is true of practice under Rule 12(b)(6), it is well-settled that it is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c)." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1371 (3d ed.2002).

8. For reasons that are obvious from the Complaint, the Court construed Plaintiff's breach of contract claim as an ERISA claim.

9. Plaintiff also has moved for leave to amend her complaint to add one additional ERISA claim for breach of a co-fiduciary under 29 U.S.C. § 1105. (Doc. 12–1 at 19.) For the above reasons, this amendment would be futile. Plaintiff's Motion to Amend [Doc. 12] is **DENIED.**